M. B. FINSETH, Respondent, v. BISMARCK MOTOR COMPANY,
a corporation, Appellant.

(189 N. W. 106.)

**Appeal and error — resolution of board of directors directing managers to
make certain charges against plaintiff held inadmissible to prove plain-
tiff's debt to corporation; permitting paper with figures made by judge
to go to jury room held harmless, in view of showing that jury was not
influenced thereby.**

Defendant appeals from a judgment on a verdict for $646.26. It
claims that the verdict is for an excess of $277.49. The appeal is on two
grounds: (1) Error of law in sustaining objections to the offer of res-
olutions directing the managers of the corporation to make certain
charges against the plaintiff. (2) Error in permitting inadvertently a
paper with some figures on it to go to the jury room. *Held*, that the
record shows no prejudicial error.

Opinion filed June 30, 1922.

Appeal from an order and judgment of the District Court of Bur-
leigh county; *Nuessle, J.*

Affirmed.

*O'Hare & Cox,* for appellant.

The exclusion of proper evidence is a ground for a new trial. 29
Cyc. 783; Wheelter v. Bolton, 66 Cal. 83, 4 Pac. 981; Whitley v. Hudson,
114 Ga. 668, 40 S. E. 838; Iroquois Furnace Co. v. Wilkinson Mfg. Co.,
181 Ill. 582, 54 N. E. 987; Shirk v. Cartright, 29 Ind. 406; Tunnell v.
Larson, 37 Minn. 258, 34 N. W. 29; Morelands v. McDermott, 10 Mo.
605; Cable v. Payne, 8 Fed. 788; Keys v. Baldwin, 33 Tex. 666.

The fact that a paper which should not properly be with the jury
during their deliberations has been sent to the jury room through inad-
vertence or accident, and not through the design of the prevailing party,
will not as a rule be ground for a new trial if it does not appear that the
paper was of a character to prejudice the unsuccessful party." Bertsch
v. State, 13 Ind. 434, 74 Am. Ded. 263; State v. Wilson, 40 La. 751, 5
So. 52, 1 L. R. A. 795; Leonard v. Schall, 125 Minn. 291, 146, N. W.

1104, Ann. Cas. 1915C, 922 and note; People v. Dolan, 186 N. Y. 4, 78 N. E. 569, 116 A. S. R. 521, 9 Ann. Cas. 453; Wright v. Clark, 50 Vt. 130, 28 Am. Rep. 496.

It is ground for a new trial that the jury in arriving at their verdict considered depositions not in evidence or documents or papers not in evidence of a character that might have influenced their verdict. Walker v. Hunter, 17 Ga. 364; McLeod v. Humeston, etc. R. Co. 71 Ia. 138, 32 N. W. 246; Benson v. Lambie, 125 Mass. 367, (Bill of exceptions of former trial); Flanders v. Davis, 19 N. H. 139; State v. Hartmann, 46 Wis. 248; 50 N. W. 193; Hutchinson v. Decatur, 12 Fed. Cas. No. 6956, 3 Cranch, C. C. 291.

Taking statutes to the jury room has been considered sufficient ground for a new trial. Merrill v. Nary, 10 Allen (Mass.) 416; Griffin v. Bartlett, 58 N. H. 141.

If papers improperly considered by a jury were material or apt to prejudice the unsuccessful party a new trial should be granted, although the successful party was not at fault. Dillen v. Sistrunk, 7 Ga. 283; Hoffron v. Gallupe, 55 Me. 563; Benson v. Fish, 6 Me. 141; Munde v. Nambie, supra; Hicks v. Drury, 5 Pickering (Mass.) 296; Whitney v. Whitman, 5 Mass. 405; Page v. Wheeler, 5 N. H. 91; Kruidenier v. Shields, 77 Ia. 504, 42 N. W. 432.

Among the late decisions on this point are: Lampher v. McLean, 162 N. Y. St. 432; Guntzer v. Healy, 163 N. Y. St. 513; Force v. Scholl, 16 Pa. Dist. 1001 (Medical books); Lidy v. R. Co. 33 Pa. Co. 402; Fort Worth v. Young (Tex.) 185 S. W. 983; Lumber Co. v. Huston, 81 Wash. 678, 143 Pac. 146; (Taking statutes into the jury room) McKibbon v. R. Co. 251 Fed. 577 (Newspaper articles giving account of former trials of case.)

*F. H. Register* and *Zuger & Tillotson,* for respondent.

Upon such a situation as here presented, the courts held that the verdict will not be disturbed. 12 Ency. Pl. & Pr. p. 597; 12 Enc. Pl. & Pr. p. 603.

The presence of improper papers or books in the jury room will not vitiate a verdict if it appears that they did not influence the same. 20 R. C. L. p. 259, § 42; Wilkins v. Maddrey, 67 Ga. 766; Schmertz & Co. v. Johnson, 72 Ga. 472; Winslow v. Campbell, 46 Vt. 746; Wilds v. Bogan, 57 Ind. 452; Leonard v. Schall, (Minn.) 146 N. W. 1104.

ROBINSON, J. This is an appeal from an order denying a new trial and from a judgment on a verdict for $646.26 and interest. Appellant claims that the verdict is for an excess of $277.49, and that it should be for only $369.86. The motion for a new trial is based on two grounds: (1) Error of law in sustaining objections to the offer of several resolutions by the directors of defendant, directing the president or manager of defendant to make certain charges on the books of the company against the plaintiff; (2) for error in permitting the jury to have a paper (Exhibit X) with certain figures marked on it by the judge.

Now from the record it well appears that the paper had no influence on the jury, and that they did not read or notice the figures made on it by the judge. The alleged error did in no manner prejudice the defendant.

In regard to the first error it is entirely clear that it was not competent for the defendant to manufacture or make evidence against the plaintiff by a resolution of its directors. There is no claim or specification that the evidence is not sufficient to sustain the verdict. As the record shows, the defendant is a stock corporation, represented by 250 shares of stock at $100 a share. The plaintiff paid $11,000 for 110 shares. He and Chris Bertsch did the same. They organized the corporation. The plaintiff became the president and manager. In time the small stockholders combined with Mr. Bertsch, and he became the president and manager. In January, 1920, the directors declared a dividend of 10 per cent., payable on February 1, 1920. The plaintiff became entitled to $1,100, less a sum due the company, $452.65. The motor company refused payment, and by answer set up a counterclaim against the plaintiff, demanding judgment for $246.40. Now if defendant had offered to pay what it justly owed and had served a true and honest answer, the chances are that it would have saved both parties the expense of this action. The record shows no occasion for a lawsuit. And as the two errors assigned do not challenge the sufficiency of the evidence and point out wherein it is not sufficient to sustain the verdict, there is no occasion for reviewing the evidence.

Affirmed.

BIRDZELL, C. J., concurs.

BRONSON, J. (concurring specially). I agree that it was not reversible error to reject the resolutions of the defendant's directors. I also

agree that the showing made is insufficient to vitiate the verdict by reasons of the presence of certain figures inadvertently presented on a paper to the jury, during its deliberations. It is not otherwise claimed that the evidence is insufficient to justify the verdict. I am of the opinion that the order and judgment should be affirmed.

GRACE, BRONSON and CHRISTIANSON, JJ., concur.